NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
FEDERAL INSURANCE COMPANY, :
:
                Plaintiff, :     Civil Action No. 10-3788 (JAP)
    v. :
:     **OPINION**
JEAN CLAUDE LEVY and :
SHERRY LEVY :
:
                Defendants :
_____:

PISANO, District Judge.

      Presently before the Court is Plaintiff Federal Insurance Company's motion for default judgment filed on June 8, 2011 against Defendants Jean Claude Levy and Sherry Levy. For the reasons set forth below, the Court enters default judgment in favor of Plaintiff.

I.     Background and Procedural History

      This action was commenced on July 16, 2010. In its complaint, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2201 declaring that Defendants breached conditions precedent to recovery under an insurance policy Plaintiff issued Defendants[1], and that therefore Plaintiff has no further liability with respect to Defendants' claim under that policy. Compl. ¶ 34.

      Defendants' policy was issued by Plaintiff to Defendant Jean Claude Levy on or about October 15, 2007. *Id.* ¶ 9. In February 2009, Defendants notified Plaintiff of a claim under the policy after numerous personal items were allegedly damaged and/or lost while in storage in New Jersey or in the course of shipment from New Jersey to Defendants' home in France. *Id.* ¶

---

[1] The insurance policy at issue—bearing policy number 12811758-01—provided certain personal property coverage and is herein referred to as "the policy."

13.  After the parties were able to resolve a portion of the claim, Plaintiff made a written demand on August 31, 2009 that Defendants submit to an Examination Under Oath, provide additional documents and information, and provide a sworn proof of loss for the remaining items comprising Defendants' claim.  *Id.* ¶ 21-23.  Although the parties exchanged numerous correspondences in connection with Plaintiff's demands, no resolution was reached.  As a result, Plaintiff advised Defendants in a coverage position letter dated June 22, 2010 that they were in breach of the policy's conditions precedent to coverage for failing to cooperate and would therefore be awarded no further payment in connection with their claim.  *Id.* ¶ 32.

After filing the complaint in this action on July 16, 2010, Plaintiff informed Defendant Jean Claude Levy's counsel of the commencement of the action and attached copies of the complaint and filing receipt in an email dated July 28, 2010.  Nocera Decl. Ex. 26, June 28, 2011.  The summons and complaint were then transcribed into French, and service of the pleadings was made on Defendants at their domicile in France on September 16, 2010.  Shreefer Aff. ¶¶ 10-16, June 24, 2011.  Based upon the Defendants failure to appear or answer the Complaint, Defendants were defaulted on February 8, 2011.  Thereafter, Plaintiff filed the instant motion for default judgment on June 8, 2011.

II.  Discussion

    A.  **Sufficiency of Service of Process**

As an initial matter, Defendants maintain that they were not properly served in accordance with the Hague Convention.  Federal Rule of Civil Procedure 4(f) governs service of process upon individuals in a foreign country.  The rule permits service "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention."  Fed. R. Civ.P. 4(f)(1).  Because the United States and France are both signatories

to the Hague Convention, service of process on a defendant in France is governed by the Hague Convention.

Here, Defendants were properly served in compliance with the Hague Convention. As detailed in the Affidavit of Karina Shreefer, an employee and licensed process server for Legal Language Services[2], a Sworn Clerk left a notice at Defendants' residence in France, mailed Defendants a copy of the Act of Service, and otherwise complied with the service requirements of the Hague Convention and French Code of Civil Procedure. Shreefer Aff. ¶¶ 10-16, June 24, 2011; Shreefer Aff. ¶¶ 4-16, July 15, 2011. Moreover, Defendants' counsel was made aware of the commencement of the action on July 28, 2010, *see* Nocera Decl. Ex. 26, June 28, 2011, and Defendant Jean Claude Levy's frequent correspondences with both Plaintiff and this Court demonstrate his actual notice of the claims against him. Accordingly, this Court finds that service of process was made upon Defendants in compliance with the Hague Convention.

### B. Default Judgment

In an application for an entry of default judgment, the Court accepts as true any factual allegations, other than those as to damages, contained in the complaint. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). The determination as to whether a default judgment should be granted is largely a matter of judicial discretion, *see Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1982), and three factors govern the Court's exercise of its discretion: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

---

[2] Legal Language Services ("LLS") is the firm Plaintiff employed to effect service on Defendants. LLS regularly assists with service of process in foreign countries. *See* Shreefer Aff. ¶ 2, June 24, 2011.

Here, Plaintiff asserts in its complaint that Defendants failed to comply with Plaintiff's demands to submit to an Examination Under Oath, provide additional documents and information, and provide a final sworn proof of loss for the remaining items comprising Defendants' claim.[3] Compl. ¶ 21-25.  Plaintiff further contends that, despite acknowledging receipt of Plaintiff's demands and being afforded numerous extensions of time within which to comply, Defendants persistently refused to cooperate and ultimately never complied with Plaintiff's demands.  *Id.*

Assuming that these facts are true, as the Court must in response to an application for an entry of default judgment, Plaintiff has met its burden for establishing that Defendants breached the policy's conditions precedent to coverage, and that therefore Plaintiff has no further liability with respect to Defendants' insurance claim.  Indeed, the policy required Defendants' cooperation with Plaintiff's investigation and demands for an examination and sworn proof of loss, *see* Compl. ¶ 27 (quoting policy language), and compliance with such demands has been deemed a condition precedent to recovery.  *See, e.g.*, *Griggs v. Bertram*, 88 N.J. 347, 360 (1982); *DiFrancisco v. Chubb Ins. Co.*, 283 N.J. Super. 601, 613 (App. Div. 1995); *Levy v. Chubb Ins.*, 659 N.Y.S.2d 266, 266 (App. Div. 1997) (in an action commenced by Defendant Jean Claude Levy, finding that "willful failure of an insured to submit to an examination under oath and to supply all relevant material in compliance with the provisions of an insurance policy . . . constitute[s] a material breach of contract, and . . . preclude[s] recovery.").

Moreover, an evaluation of the three factors outlined in *Chamberlain* favors granting Plaintiff's motion for default judgment.  In particular, having considered all of Defendants' correspondence with both Plaintiff and this Court, Defendants have not made a showing of any

---

[3] After making partial payments to Defendants, Plaintiff became aware of prior claims submitted by Defendant Jean Claude Levy that appeared to involve items duplicative of those declared in the instant claim.  This arose suspicion in Plaintiff and prompted Plaintiff to demand the noted proofs.  *See* Nocera Decl. ¶¶11-21, June 3, 2011.

4

litigable defense and have failed to demonstrate that their delay is attributable to any justifiable excuse. Accordingly, the Court will enter default judgment in favor of Plaintiff.

V.      Conclusion

For the reasons above, the Court enters default judgment against Defendants Jean Claude Levy and Sherry Levy. An appropriate order and judgment will follow.

>                               /s/ JOEL A. PISANO
>                               United States District Judge

Dated: September 16, 2011