NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
:
FEDERAL INSURANCE COMPANY, :
:
               Plaintiff, :   Civil Action No. 10-3788 (JAP)
    v. :
:   **OPINION**
JEAN CLAUDE LEVY and :
SHERRY LEVY, :
:
               Defendants. :
_____:

PISANO, District Judge.

Presently before the Court is Defendant Jean Claude Levy's motion for reconsideration of the Court's decision entered on September 16, 2011. For the reasons below, Defendant's motion will be denied.

## I.    BACKGROUND[1]

On July 16, 2011, Plaintiff filed a complaint with this Court seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2201. Plaintiff informed Defendant's counsel of the commencement of the action and served Defendants at their domicile in France on September 16, 2010. Based upon their failure to appear or answer the Complaint, Defendants were defaulted on February 8, 2011. Thereafter, Plaintiff filed a motion for default judgment on June 8, 2011. On September 16, 2011, the Court granted Plaintiff's motion and entered judgment in its favor.

By way of the instant motion, filed on October 26, 2011,[2] Defendant seeks reconsideration of that decision. Specifically, Defendant asserts that the Court's decision was in

---

[1] A more detailed recitation of the facts is included in the Court's Opinion entered on September 16, 2011. *See* Dkt. Entry 32.

error because, *inter alia*, he was never properly served, his wife was improperly named as a defendant, and Plaintiff and its counsel violated the Federal Rules of Evidence, failed to give him proper notice, and did not comply with the Hague Convention.

## II.   DISCUSSION

Reconsideration is an extraordinary remedy that is normally appropriate only when one of the following three grounds for relief is established: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010)(citing *N. River Ins. Co. v. CIGNA Reins. Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).  The party seeking reconsideration bears a heavy burden, and cannot merely "restate arguments which the court has already considered" or assert a disagreement with the Court's decision.  *Tormasi v. Hayman*, Civ. No. 08-05886, 2011 WL 890676, at *14 (D.N.J. Mar. 14, 2011); *see also G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990); *Carteret Savings Bank, F.A. v. Shushan,* 721 F. Supp. 705, 709 (D.N.J. 1989).

Here, Defendant has not met the high burden of establishing adequate grounds for reconsideration.  In his motion, he does not assert that an intervening change in controlling law has occurred or that evidence not previously available has become available. *See Leja*, 743 F. Supp. 2d at 456.  Likewise, he falls far short of establishing "the need to correct clear error of

---

[2] The Court notes that Defendant resides in France and submitted the instant motion by way of letter dated October 4, 2011.  In correspondence with the Court, Defendant also asserted that he did not receive notice of the September 16 decision until October 4, 2011.  Nevertheless, because New Jersey Local Civil Rule 7.1(i) makes clear that motions for reconsideration "shall be served and filed within 14 days after the entry of the order or judgment on the original motion," Defendant's motion is untimely.  Indeed, his motion is dated more than 14 days after the Court entered the Order and Judgment at issue on September 16, and, more significantly, was not filed until October 26— 40 days after the entry date and 22 days after he claims to have received notice of the Court's decision. Additionally, he did not seek an extension or leave to file his motion.  Accordingly, Defendant's failure to comply with the procedural requirements of Rule 7.1 provides justification for denying his motion.  *See, e.g., In re Hussain*, 2011 WL 1322264, at *3 (D.N.J. Mar. 31, 2011) ("A motion [for reconsideration] filed untimely may be denied for that reason alone.").  In any event, as discussed *infra*, the Court will deny Defendant's motion on the merits.

law or prevent manifest injustice." *Id.* Instead, his motion amounts to no more than "mere disagreement with the Court's decision," and simply recapitulates the same arguments that this Court considered and rejected in its Opinion entered on September 16, 2011.[3] *Leja*, 743 F. Supp. 2d at 456 (internal citations omitted). Therefore, Defendant's motion for reconsideration is denied. *See, e.g.*, *G-69*, 748 F. Supp. at 275 (the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]").

### III.  CONCLUSION

For the reasons above, Defendant's motion for reconsideration is denied. An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: December 16, 2011

---

[3] Defendant's arguments with regard to notice, service, and alleged violations of the Hague Convention were specifically addressed and rejected by the Court in its Opinion. *See* Dkt. Entry 32, at 2-3 ("Defendants were properly served in compliance with the Hague Convention . . . Moreover, Defendants' counsel was made aware of the commencement of the action . . . and Defendant Jean Claude Levy's frequent correspondences with both Plaintiff and this Court demonstrate his actual notice of the claims against him."). Additionally, in granting Plaintiff's motion for default judgment, the Court made clear that it had considered "all of Defendant's correspondence with both Plaintiff and this Court," including all arguments raised therein and again in the instant motion. *Id.* at 4-5.